UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN M. DWYER,<br>                            Plaintiff,<br>v.<br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br>                            Defendant. | 3:14-cv-00367-MMD-VPC<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for remand (#13) and defendant's cross-motion to affirm and opposition (#s 14/15). For the reasons set forth herein, the court recommends that plaintiff's motion be denied, and defendant's cross-motion be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 18, 2011, Kevin Dwyer ("plaintiff") filed a claim for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act. (Administrative Record ("AR") 21.) He alleged that his disability commenced on February 9, 2009. (*Id.*) The Social Security Administration denied his application in the first instance on January 13, 2012, and also upon reconsideration, on April 18, 2012. (*Id.*) On February 4, 2013, plaintiff and his attorney appeared at a hearing before Administrative Law Judge ("ALJ") Janice E. Shave. (*Id.* at 37-68.) The ALJ issued a written decision on March 6, 2013, finding that plaintiff had "not been disabled" at any time between August 1, 2010 and the decision date. (*Id.* at 21.) Plaintiff appealed, and the Appeals Council denied review on February 5, 2014. (*Id.* at 1-4.) Accordingly, the ALJ's decision became the final decision of the Commissioner ("defendant").

On July 15, 2014, plaintiff filed a *pro se* complaint for judicial review (#4). In his motion for remand, dated December 30, 2014, plaintiff argues that "new medical evidence shows the

progression of the disease to current date . . . ." (#13 at 1.) Defendant opposed and submitted a cross-motion to affirm (#14.) Therein, defendant seeks affirmation of the ALJ's denial of benefits on the basis that remand is inappropriate for consideration of new evidence when the evidence pertains to a period of time that post-dates the ALJ's decision. (*Id.* at 3, 7-8.)

## II.   STANDARD OF REVIEW

The burden of proving disability in a claim for Social Security benefits rests upon the claimant. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To satisfy this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423 (d)(1)(A).

This court has jurisdiction to review an ALJ's decision denying a claim for SSDI and SSI payments after the plaintiff has exhausted administrative remedies. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012). The court must affirm the ALJ's decision unless it rests on legal error or is unsupported by substantial evidence in the administrative record. *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citations omitted); see also 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). The court applies the substantial evidence standard only to those particular issues and errors that the plaintiff identifies in his or her opening brief. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 n.7 (9th Cir. 2009).

The substantial evidence standard is not onerous: it is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill*, 698 F.3d at 1159 (citation and quotation omitted). Although the ALJ need not discuss every piece of evidence in the record, she cannot ignore or omit evidence that is significant or probative. *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) (citation omitted). The ALJ's discussion must adequately explain the decision in light of such evidence: "the ALJ, not the district court, is required to provide specific reasons for rejecting [the evidence,]" *Stout v. Comm'r, Soc. Sec. Admin*, 454 F.3d 1050, 1054 (9th Cir. 2006) (specifically

discussing rejection of lay testimony) and the district court is "constrained to review the reasons the ALJ asserts," *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

In reviewing for substantial evidence, the court examines the entire record, considering both evidence that supports and undermines the ALJ's decision. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citation omitted) ("a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"). Where "the evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (citation omitted). The ALJ alone is responsible for determining credibility and resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

### III.   DISCUSSION

**A.   SSDI claims are evaluated under a five-step sequential process.**

The Commissioner follows a five-step sequential process for determining whether a claimant is "disabled" for the purposes of SSDI. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987). Step one directs the ALJ to determine whether the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the claimant is not disabled and the Commissioner denies the claim. *Id.* §§ 404.1520(b), 416.920(b). The second step requires the ALJ to determine whether the claimant's medically determinable impairment is "severe." *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "Severe" impairments are those that significantly limit the claimant's physical or mental ability to do basic work activities. *Id.* §§ 404.1520(c), 416.920(c). The Commissioner denies the claim where the claimant lacks a severe impairment, or a severe combination thereof. *Id.* §§ 404.1520(c), 416.920(c). In step three, the claimant's impairment is compared to the Agency's impairment list. *Id.* §§ 404.1520(a)(4)(iii). 416.920(a)(4)(iii); *see also id.* § 404, Subpt. P, App. 1 ("Listed Impairments"). Where the claimant's impairment is on the list, or is equivalent to any impairment therein, and the claimant also meets the corresponding durational requirement, the claimant is deemed disabled. *Id.* §§ 404.1520(d), 416.920(d).

If the Commissioner does not find disability at step three, review of the claim proceeds to the fourth step: whether the claimant can perform past relevant work. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The claimant is not disabled where he or she can engage in such work. *Id.* §§ 404.1520(e), 416.920(e). The ALJ will find that the claimant can return to past relevant work if he or she can perform the "actual functional demands and job duties of a particular past relevant job" or the "functional demands and job duties of the [past] occupation as generally required by employers throughout the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (internal quotation and citation omitted).

In making the step four determination, the ALJ considers the claimant's "residual functional capacity" ("RFC") and the physical and mental demands of the work previously performed. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see also Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). RFC is what the claimant can still do despite his or her limitations. 20 C.F.R. §§ 404.1545, 416.945. In determining the claimant's RFC, the ALJ must assess all of the evidence, including medical reports and descriptions by the claimant and others of the claimant's relevant limitations. *Id.* §§ 404.1545(a), 416.945(a).

When evaluating a claimant's RFC, the ALJ is not required to believe every allegation the claimant offers regarding his or her limitations. *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) (citation omitted). The ALJ must follow a two-part inquiry where the plaintiff alleges that the disability results from excessive limitations or pain. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); *see also* Social Security Ruling 96-7p, 61 Fed. Reg. 34483 (July 2, 1996). First, the ALJ determines whether the claimant has presented objective medical evidence of an underlying impairment that reasonably can be expected to produce the alleged symptoms. *Lingenfelter*, 504 F.3d at 1036. Second, where no evidence suggests that the claimant is a malingerer, the ALJ may reject the claimant's allegations only by articulating "clear and convincing" reasons for doing so. *Id.*

The "clear and convincing" standard is the most demanding standard in Social Security case law, *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014), and it requires that the ALJ "specifically identify the testimony she or he finds not to be credible and must explain what

evidence undermines the testimony[,]" *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). The ALJ must cite to the record and discuss specific evidence therein. *See Vasquez v. Astrue*, 572 F.3d 586, 591-92 & n.1 (9th Cir. 2008); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) (explaining that the ALJ must "point to specific facts in the record" to support a credibility finding). The focus, however, is ultimately upon the reviewing court: the credibility determination must be "sufficiently specific to allow a reviewing court to conclude the [ALJ] rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004) (quoting *Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001)); *Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995); *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991).

Permissible bases for finding the claimant not credible include conflicts between the allegations and the claimant's daily activities, *Orn*, 495 F.3d at 636, and lack of medical evidence. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain [and limitations] testimony, it is a factor the ALJ can consider in his [or her] credibility analysis."). Medical opinions are also probative evidence when determining credibility of subjective complaints. 20 C.F.R. §§ 404.1529(c), 416.929(c); *Rollins*, 261 F.3d at 857.

If the claimant cannot do the work he or she did in the past, the burden shifts to the Commissioner to establish, in step five, that the claimant can perform jobs available in the national economy. 20 C.F.R. §§ 404.1560(c), 416.960(c). There, the ALJ must consider the claimant's RFC, age, education, and past work experience to determine whether the claimant can do other work. *Yuckert*, 482 U.S. at 141-42. At step five, the ALJ typically references "the grids," under which a finding of disability may be directed, and also considers the testimony of a vocational expert. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). Where the grids do not direct a finding of disability, the ALJ must identify other occupations available in significant numbers in either the region or several regions of the United States that the claimant can perform. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 404.1560(c), 416.960(c). If the ALJ establishes that the claimant's RFC and transferable skills allow his or her performance of other occupations, he or

she is not disabled. 20 C.F.R. §§ 404.1566, 416.966. Conversely, if the ALJ concludes that the claimant cannot adjust to any other work, he or she is entitled to benefits. *Id.* §§ 404.1520(g), 416.920(g).

**B.    The ALJ followed the five-step process and concluded that plaintiff was not disabled.**

In reviewing plaintiff's claim for benefits, the ALJ followed the five-step process described above. (AR 22-23.) The ALJ determined that plaintiff had not engaged in substantial gainful activity since February 9, 2009, the alleged onset date, and had "degenerative disc disease, depressive disorder, mood disorder, anxiety disorder, posttraumatic stress disorder (PTSD), and adjustment disorder," each a severe impairment under the applicable regulations. (*Id.* at 23.) The ALJ also considered plaintiff's body mass index, and although it narrowly placed him into the obesity range, the ALJ concluded that it was not a severe impairment because no evidence in the record suggested that he had been limited by this condition. (*Id.* at 24.)

The ALJ also concluded that, in light of the medical evidence and opinions in the record, plaintiff's hypertension, right thumb impairment, tobacco use disorder, hyperlipidemia, chronic periodontitis, vitamin D deficiency, hematuria, status post left ankle and hand surgeries, and neck/shoulder strain did not significantly limit his ability to perform basic work activities and, therefore, were not severe impairments. (*Id.* at 23.) With respect to the severe impairments, the ALJ concluded that they did not meet or medically equal the severity of a listed impairment in the relevant subpart of the regulations; therefore, a finding of disability was not directed at step three. (*Id.* at 24-25.)

The ALJ proceeded to step four and made several findings. First, the ALJ concluded that plaintiff's RFC permitted a "wide range of light work" with the following restrictions: he is limited to lifting twenty pounds occasionally and ten pounds frequently; he can never climb ladders, ropes, and scaffolds; he is limited to only occasional crawling and stooping; he must avoid concentrated exposure to extreme cold and hazards; he must be limited to simple routine tasks and cannot direct others; and he may interact with the public only occasionally. (*Id.* at 26.) Second, the ALJ held that statements regarding the intensity and limiting nature of plaintiff's impairments were consistent with a reduced capacity for work, but were not credible to the extent

alleged by plaintiff and Daniel Robert Loughrey, a friend who completed a third-party function report on plaintiff's behalf. (*Id.* at 26-27.) In so concluding, the ALJ reviewed and discussed the medical evidence, and accorded varying primacy to the several medical opinions. (*See id.* at 26-28.) Third, in light of her RFC determination and the testimony of a vocational expert ("VE"), the ALJ concluded that plaintiff was unable to perform any of his past relevant work. (*Id.* at 28.)

Therefore, the ALJ proceeded to step five. First, she determined that the grids indicated that the transferability of skills was not material to a determination of disability due to plaintiff's age, education, and English-language skills. (*Id.* at 28-29.) Second, in light of his RFC and the VE's testimony, the ALJ concluded that plaintiff could perform several jobs that exist in significant numbers in the national economy: hand packager, food prep worker, and hand labeler, of which there are 315,000, 1,400,000, and 47,000 respective positions nationwide. (*Id.* at 29.)[1] Consequently, she held that plaintiff was not disabled within the meaning of the Social Security Act and denied his claims for benefits. (*Id.*)

### C. Remand is not warranted.

Plaintiff seeks remand of the decision on the basis that new medical evidence demonstrates that his condition has deteriorated or further developed, presumably to the point where the ALJ would find that he is disabled under the relevant standard. In support of this argument, he submits hundreds of pages of medical records from the Veterans Administration ("VA") (#s 13-1, 13-2, 13-3), some of which duplicate VA records before the ALJ, and others that entirely post-date the period of the ALJ's review. Even assuming that plaintiff's characterization of the new evidence is correct, it provides no meritorious basis for overturning the ALJ's decision.

---

[1] The court notes that the ALJ's opinion erroneously mentions in this discussion "occupations within the State of California economy," but it also provides figures based upon national job totals. An ALJ satisfies her burden at step five based upon jobs available in a significant number in either the local economy or the national economy. *See, e.g., Beltran v. Astrue*, 700 F.3d 386, 689 (9th Cir. 2012) ("the 'significant number of jobs' can be *either* regional jobs (the region where a claimant resides) *or* in several regions of the country (national jobs).") (emphasis original). Because the ALJ relied on national figures that are indisputably significant in number, *see id.*, any error she may have made by mentioning California, when plaintiff is a Nevada resident, is harmless.

Although this court may recommend remand for consideration of new evidence, remand is proper only where the evidence is material. 42 U.S.C. § 405(g). Evidence is material only where it "directly" concerns the issues before the ALJ and presents a reasonably possible basis for changing the outcome. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). Courts in the Ninth Circuit have understood the rule to require contemporaneous evidence; in other words, only where the evidence illuminates the plaintiff's condition during the period of time considered by the ALJ does new medical evidence provide basis for setting aside the Commissioner's final decision. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 512 (9th Cir. 1989); *see also Vasquez v. Colvin*, No. cv-12-02486-PHX-BSB, 2014 WL 65305, at *23 (D. Ariz. Jan. 8, 2014); *Kelley v. Comm'r of Soc. Sec.*, No. 13-cv-01125-BAS-KSC, 2015 WL 1313064, at *7 (E.D. Cal. Mar. 27, 2015); *Marek v. Astrue*, No. 1:11-cv-00354-CL, 2012 WL 3526787, at *3 (D. Ore. Mar. 29, 2012). Because plaintiff seeks remand for consideration of evidence that post-dates the ALJ's decision, the court recommends that his motion be denied and defendant's cross-motion to affirm be granted.

The court reminds plaintiff that he may submit new applications for benefits if he believes that deterioration in his mental health or other conditions presently prevent him from working. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164 n.1 (9th Cir. 2001). He should be aware that progression of his condition will not bind an ALJ to determining that he is presently unable to work. *See* 20 C.F.R. §§ 404.1527(d)(1); *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2010). Nevertheless, evidence that illustrates significant decline in his conditions may support his eligibility for benefits in a new application, the dates of which may be expanded to include new medical evidence.

### IV.   CONCLUSION

Plaintiff's sole challenge is that new medical evidence arguably establishes that he is presently disabled. Even if true, new evidence is not a meritorious basis for overturning the Commissioner's final decision when it does not relate to the period of review before the ALJ. Consequently, because the court may not consider this immaterial evidence, defendant's cross-motion to affirm (#14) should be granted.

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Local Rule IB 3-2, the parties may file specific written objections to this Report and Recommendation within fourteen days of service. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for remand (#13) be **DENIED** and defendant's cross-motion to affirm (#14) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

DATED: May 15, 2015

_____
UNITED STATES MAGISTRATE JUDGE