UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN M. DWYER,<br><br>               Plaintiff,<br>    v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>               Defendant. | Case No. 3:14-cv-00367-MMD-VPC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE P. COOKE |

    Before the Court is Magistrate Judge Valerie P. Cooke's Report and Recommendation ("R&R") (dkt. no. 16) regarding Kevin M. Dwyer's Motion to Remand (dkt. no. 13) and Defendant's Cross Motion to Affirm (dkt. nos. 14, 15). Defendant responded to the Motion to Remand. (Dkt. no. 15.) Plaintiff did not respond to the Cross Motion to Affirm. Judge Cooke entered the R&R on May 15, 2015. The parties were allowed until June 1, 2015 (dkt. no. 16), to file any objections. No objections were filed.

    This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a

magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection"). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court finds it appropriate to engage in a *de novo* review in order to determine whether to adopt the R&R. The R&R finds that Plaintiff's sole ground for seeking remand is new medical evidence establishes that he is presently disabled. Even accepting Plaintiff's characterization of this new evidence, such evidence is not a valid basis for overturning the Commissioner's final decision when it does not relate to the period of review before the ALJ. The R&R thus recommends that the Court deny Plaintiff's Motion to Remand (dkt. no. 13) and grant Defendant's Cross Motion to Affirm (dkt. no. 14). Upon review of the R&R and the record in this case, the Court determines that it is appropriate to adopt the R&R in full.

It is hereby ordered that the R&R (dkt. no. 16) is accepted and adopted. Plaintiff's Motion to Remand (dkt. no. 13) is denied and Defendant's Cross Motion to Affirm (dkt. no. 14) is granted. The Clerk is directed to enter judgment accordingly and close this case.

DATED THIS 21th day of August 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE